1

2

3

4

5

6

7

8

9

10                     UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12

13   LUIS RODRIGUEZ,              )   Case No. 2:11-CV-00553 JAM-EFB
                                  )
14              Plaintiff,        )
                                  )   ORDER GRANTING DEFENDANT'S
15        v.                      )   MOTION TO DISMISS
                                  )
16   WELLS FARGO BANK, N.A.; FIDELITY )
     NATIONAL TITLE INC. COMPANY; )
17   FREDDIE MAC; CAL-WESTERN     )
     RECONVEYANCE CORP; and DOES 1 )
18   through 100, inclusive,      )
                                  )
19              Defendants.       )
     _____)

20        This matter comes before the Court on Defendant Wells Fargo

21   Bank, N.A.'s ("Defendant") Motion to Dismiss (Doc. #4) Plaintiff

22   Luis Rodriguez's ("Plaintiff") Complaint (Doc. #1, Exhibit A),

23   pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

24   opposes Defendant's Motion to Dismiss (Docs. #7, #8).[1]

25        Plaintiff's opposition was due no later than May 18, 2011.

26   See E.D. Cal. L.R. 230(c) (requiring an opposition to be "served

27   _____

28   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally
     scheduled for June 1, 2011.

                                    1

not less than fourteen (14) days preceding the noticed (or continued) hearing date."). On May 24, 2011, Defendant filed a declaration, stating that to date it had not received an opposition, or a statement of non-opposition, to Defendant's Motion to Dismiss from the Plaintiff (Doc. # 6). Plaintiff then filed an opposition on May 26, 2011 (Doc. #8). Although Plaintiff's opposition is untimely, the Court will consider it and decide Defendant's Motion to Dismiss on the merits. However, this Court will impose sanctions on Plaintiff's counsel for the late filing.

For the reasons set forth below, Defendant's Motion to Dismiss is granted in its entirety.


I.   FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of the purchase, foreclosure, and trustee's sale, which was scheduled for February 15, 2011, of real property located at 951 Snow Lilly Avenue in Galt, California ("Subject Property"). See Doc. #1, Plaintiff's Complaint ("Comp."); Doc. #8. Around October, 2006, Plaintiff successfully applied for a loan from Defendant for the purchase of the Subject Property. Id. Plaintiff seeks relief based on alleged wrongful acts by Defendant in the loan origination process. Id.[2]

_____

[2] The Court notes with great concern that twelve of Plaintiff's seventeen causes of action, as plead in Plaintiff's complaint, are identical to those contained in a complaint filed in another case, by Plaintiff's attorneys, that was dismissed by this Court over one year ago for failure to state a claim. Compare Madrid v. J.P. Morgan Chase Bank, N.A., 2009 WL 3255880 (E.D. Cal. Oct. 8, 2009), 09-cv-00731 JAM-GGH, Docs. #1, 25, 40, 42, 51, with Comp. Boilerplate or "cut and paste" pleadings are strongly discouraged by this Court, particularly pleadings that contain claims previously dismissed.

II.   OPINION

A.   <u>Legal Standard</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim, unless the material is attached to, or relied on by, the

1   complaint, or the court takes judicial notice of matters of public

2   record, provided the facts are not subject to reasonable dispute.

3   E.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal.

4   Mar. 30, 2009).  Here, Defendant requests the Court take judicial

5   notice of the Deed of Trust securing the loan, which was recorded

6   in the County of Sacramento.  MTD at pg. 21-37.  Plaintiff did not

7   dispute the authenticity of this document.  See Doc. #8.

8        B.   Claims for Relief

9             1.   Breach of Fiduciary Duty

10       Plaintiff asserts that a fiduciary relationship existed

11  between the Plaintiff and Defendant, which the Defendant

12  breached by acting for its own benefit.  Plaintiff's Complaint,

13  Doc. #1 ("Comp.") at ¶¶ 28-31.  Defendant argues that Plaintiff

14  did not plead an essential element of this cause of action, and

15  therefore, his claim must be dismissed.  Defendant's Motion to

16  Dismiss, Doc. #4 ("MTD") at pg. 2-3.

17       "The elements of a cause of action for breach of fiduciary

18  duty are: 1) the existence of a fiduciary duty; 2) a breach of

19  the fiduciary duty; and 3) resulting damage."  Pellegrini v.

20  Weiss, 165 Cal.App.4th 515, 524 (Cal. Ct. App. 6d 2008).

21       As Defendant points out in its Motion to Dismiss, there is

22  no fiduciary relationship between a debtor and creditor.  See,

23  e.g., Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (Cal.

24  Ct. App. 1989) (citing Downey v. Humphreys, 102 Cal.App.2d 323,

25  332 (Cal. Ct. App. 1951)).  Moreover, in the lending context, "a

26  financial institution owes no duty of care to a borrower when

27  the institution's involvement in the loan transaction does not

28  exceed the scope of its conventional role as a mere lender of

1   money." <u>Nymark v. Heart Federal Savings & Loan Ass'n</u>, 231

2   Cal.App.3d 1089, 1096 (Cal. Ct. App. 3d 1991).

3        As set forth in Plaintiff's complaint, the relationship

4   between Plaintiff and Defendant is that of a debtor-creditor,

5   which does not create a fiduciary relationship between the

6   parties. <u>Cf.</u> Comp. <u>with</u> <u>Price v. Wells Fargo Bank</u>, 213

7   Cal.App.3d 465 (Cal. Ct. App. 1989). Accordingly, without this

8   essential element, Plaintiff's cause of action for breach of

9   fiduciary duty cannot stand and is, therefore, dismissed with

10  prejudice. <u>See</u> <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316

11  F.3d 1048, 1052 (9th Cir. 2003). Allowing Plaintiff leave to

12  amend this claim would be futile; Plaintiff's attorneys have

13  previously pled causes of action for breach of fiduciary duty

14  under similar circumstances, which were all dismissed when the

15  defendant lending institution raised the same issue, and it is

16  clear that there is no relationship between Plaintiff and

17  Defendant in this case beyond that of a typical debtor-creditor

18  relationship. <u>Compare</u> <u>Madrid v. J.P. Morgan Chase</u>, 2009 WL

19  3255880, 09-cv-00731 JAM-GGH, Docs. #1, 23, 25; <u>see</u> <u>also</u>

20  <u>Dyachishin v. America's Wholesale Lenders</u>, 2010 WL 1525703 at *4

21  (E.D. Cal. April 15, 2010).

22        2.   <u>Breach of Covenant of Good Faith and Fair Dealing</u>

23        Plaintiff alleges that Defendant breached the covenant of good

24  faith and fair dealing "represented by the terms of the 30 yr loan,

25  Note, and Deed of Trust," by failing to provide certain loan

26  documents or disclosures, in English and Spanish, failing to verify

27  Plaintiff's income, and placing Plaintiff in an improper loan

28  transaction. Comp. at ¶¶ 36-38.

1    In general, "[e]very contract imposes upon each party a duty
2  of good faith and fair dealing in its performance and its
3  enforcement." Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 937
4  (9th Cir. 1999) (citations and internal quotations omitted).
5  Liability can arise when one party does something to "injure the
6  right of the other [party] to receive the benefits of the
7  agreement." Andrews v. Mobile Aire Estates, 125 Cal.App.4th 578,
8  589 (Cal. Ct. App. 2005). Importantly, "the implied covenant is
9  limited to assuring compliance with the express terms of the
10  contract, and cannot be extended to create obligations not
11  contemplated in the contract." Racine & Laramie, Ltd. V.
12  Department of Parks & Recreation, 11 Cal.App.4th 1026, 1032 (Cal.
13  Ct. App. 1992) (emphasis added).

14    As argued by the Defendant, Plaintiff has failed to allege the
15  Defendant interfered with any of Plaintiff's rights under the
16  express terms of the contract. MTD at pg. 3-5. Indeed, Plaintiff
17  fails to point to any terms of the contract that were affected by
18  the Defendant. See Comp. at ¶¶ 36-38. Because Plaintiff fails to
19  provide facts substantiating his claim for breach of the implied
20  covenant of good faith and fair dealing, Defendant's Motion to
21  Dismiss this claim is granted.

22    Additionally, Plaintiff's attorneys have made similar claims
23  in previous cases, all of which have been dismissed because they do
24  not relate to obligations under the contract, an essential
25  requirement to maintain a cause of action for breach of the implied
26  covenant of good faith and fair dealing. See, e.g., Madrid v. J.P.
27  Morgan Chase Bank, N.A., 2009 WL 3255880 (E.D. Cal. Oct. 8, 2009),
28  09-cv-00731 JAM-GGH, Docs. #1, 23, 25, 30, 40, 42, 43, 51;

1    <u>Bezverkhov v. Cal-Western Reconveyance Corp.</u>, 2009 WL 4895581 at

2    *6-7 (E.D. Cal. Dec. 11, 2009).  In light of the dearth of facts in

3    Plaintiff's complaint, and Plaintiff's attorneys' knowledge that

4    identical claims pled as they were in Plaintiff's complaint have

5    repeatedly failed as a matter of law, allowing leave to amend would

6    be futile.  Accordingly, Plaintiff's cause of action for breach of

7    the implied covenant of good faith and fair dealing is dismissed

8    with prejudice.

9              3.   Deceit, California Civil Code §§ 1709-10

10        Plaintiff alleges Defendant made misrepresentations to him,

11   which caused Plaintiff to "pay more for his loan than the amount

12   Plaintiff could have qualified for."  Comp. at ¶ 44-45.

13        Deceit is defined as the "suppression of a fact, by one who is

14   bound to disclose it, or who gives information of other facts which

15   are likely to mislead for want of communication of that fact."

16   Cal. Civ. Code § 1710.  In essence, deceit is a fraud claim.  <u>See</u>,

17   <u>e.g.</u>, <u>Diaz v. Federal Express Corp.</u>, 373 F.Supp.2d 1034, 1066-1067

18   (C.D. 2005) (treating a claim under Section 1709 as a fraud claim).

19   Accordingly, the heightened pleading standards of Federal Rule of

20   Civil Procedure 9(b) apply.  <u>Id.</u>; <u>see</u> <u>also</u> FED. R. CIV. P. 9(b)

21   (requiring a party to "state with particularity the circumstances

22   constituting fraud or mistake").

23        Plaintiff's claims are identical to those plead in other

24   complaints under "Fraud" sections.  <u>Cf.</u>, <u>e.g.</u>, <u>Madrid v. J.P.</u>

25   <u>Morgan Chase Bank, N.A.</u>, 2009 WL 3255880 (E.D. Cal. Oct. 8, 2009),

26   09-cv-00731 JAM-GGH, Doc. #1 at ¶¶ 60, 64-66, 68.  Defendant's

27   Motion to Dismiss points out that Plaintiff's complaint is

28   completely devoid of facts to substantiate his claim for "Deceit."

1  MTD at pg. 5-6.  As made clear by this Court, and others in the

2  Northern and Eastern Districts of California, Plaintiff's

3  allegations are insufficient to state a claim under the heightened

4  pleading requirements.  <u>Madrid</u>, 2009 WL 3255880 (E.D. Cal. Oct. 8,

5  2009).  Accordingly, Plaintiff's claim for deceit is dismissed with

6  prejudice.

7           4.   <u>Business & Professions Code § 17200</u>

8       Plaintiff's claim for violations of the California Business

9  and Professions Code section 17200 arises from acts that occurred

10 in the loan application and underwriting process.  Comp. at ¶¶ 47-

11 58.  However, Defendant correctly argues that Plaintiff's claims

12 under section 17200 are barred by the applicable four year statute

13 of limitations.  MTD at pg. 6-8; <u>see also</u> CAL. BUS. & PROF. CODE §

14 17208.  The loan was closed no later than November 7, 2006, and

15 Plaintiff filed the operative complaint on February 2, 2011, more

16 than four years after the alleged acts giving rise to Plaintiff's

17 claim under section 17200 occurred.  Accordingly, Defendant's

18 Motion to Dismiss is granted, and Plaintiff's claim for relief

19 under section 17200 is dismissed with prejudice, as Plaintiff will

20 not be able overcome the statute of limitations on amendment.[3]

21           5.   <u>Promissory Estoppel</u>

22      Plaintiff alleges he relied on "false promises,

23 representations and assurances of Defendant[]," which resulted in

24 "Plaintiff fail[ing] to act as early as he would have otherwise."

25 Comp. at ¶¶ 60-61.

26      In California, a claim for promissory estoppel requires: "(1)

27

28 [3] The Court does not need to reach Defendant's other arguments for dismissal of Plaintiff's section 17200 claim in light of the statute of limitations issue.

1  the existence of a promise 'clear and unambiguous in its terms;'

2  (2) 'reliance by the party to whom the promise is made;' (3) that

3  any reliance was both 'reasonable and foreseeable;' and (4) that

4  the party asserting the estoppels was injured by his reliance."

5  Krouse v. BAC Home Loans Servicing, LP, 2011 WL 2367093 at *3 (E.D.

6  Cal. Jun. 9, 2011) (quoting US Ecology, Inc. v. State, 129

7  Cal.App.4th 887, 901 (Cal. Ct. App. 2005)) (other citations

8  omitted).  Defendant correctly argues that Plaintiff's complaint is

9  devoid of any facts substantiating the essential elements of a

10  claim for promissory estoppel.  MTD at pg. 8-9.  Indeed, Plaintiff

11  fails to identify the promisor with any specificity, as he names

12  all defendants in this action, and it is unclear what the alleged

13  promise was that Plaintiff's claim is based upon.  See Comp. at

14  ¶¶ 59-63.  Accordingly, Plaintiff's claim for promissory estoppel

15  is dismissed without prejudice.

16          6.   Fraud by Intentional Misrepresentation

17       Defendant properly asserts that Plaintiff's claim for fraud by

18  intentional misrepresentation fails for the same reasons

19  Plaintiff's third cause of action for deceit failed.  MTD at pg.

20  pg. 5-6; cf., e.g., Bezverkhov v. Cal-Western Reconveyance Corp.,

21  et al., 2009 WL 4895581 at *5-6 (E.D. Cal. Dec. 11, 2009).

22  Accordingly, Plaintiff's claim for fraud by intentional

23  misrepresentation is dismissed with prejudice.

24          7.   Fraud by Concealment

25       Defendant properly asserts that Plaintiff's claim for fraud by

26  concealment fails for the same reasons Plaintiff's third cause of

27  action for deceit failed.  MTD at pg. pg. 5-6; cf., e.g.,

28  Bezverkhov v. Cal-Western Reconveyance Corp., et al., 2009 WL

1  4895581 at *5-6 (E.D. Cal. Dec. 11, 2009).  Accordingly,

2  Plaintiff's claim for fraud by concealment is dismissed with

3  prejudice.

4       8.  Unjust Enrichment

5       Plaintiff alleges that Defendant made "false promises," and

6  based on Plaintiff's reliance on those promises, Defendant received

7  profits and material gains.  Comp. at ¶¶ 71-72.  The elements of an

8  unjust enrichment claim are the receipt of a benefit and unjust

9  retention of that benefit at the expense of another.  Lectrodryer

10 v. Seoulbank, 77 Cal.App.4th 723, 726 (Cal. Ct. App. 2000).

11      Defendant correctly asserts in its Motion to Dismiss that

12 Plaintiff's complaint fails to present facts sufficient to

13 constitute a claim for unjust enrichment.  MTD at pg. 9-10; see

14 also Comp. at ¶¶ 71-72.  Indeed, Plaintiff's complaint is devoid of

15 any facts supporting his conclusory allegations of unjust

16 enrichment.  Accordingly, Defendant's Motion to Dismiss is granted.

17      Allowing Plaintiff leave to amend this claim would be futile.

18 Plaintiff's attorneys have previously pled causes of action for

19 unjust enrichment under nearly identical circumstances, which were

20 dismissed for failure to state a claim for lack of factual

21 specificity.  See Madrid v. J.P. Morgan Chase, 09-cv-00731 JAM-GGH,

22 Docs. #1, 25, 30, 40, 42, 43, 51.  Accordingly, Plaintiff's claim

23 for unjust enrichment is dismissed with prejudice.

24      9.  Quiet Title

25      Plaintiff alleges Defendant "claimed an interest adverse to

26 Plaintiff's title in the [subject] property."  Comp. at ¶ 74.  In

27 order to plead a claim to quiet title, the complaint must state:

28 (1) a legal description of the property; (2) the title of the

1  plaintiff and the basis of the title; (3) the adverse claims to the
2  title of the plaintiff; (4) the date as of which the determination
3  is sought; and (5) a prayer for the determination of the title of
4  the plaintiff against adverse claims.  CAL. CIV. PROC. CODE § 761.020.
5  Importantly, "[a] mortgagor cannot quiet his title against the
6  mortgagee without paying the debt secured."  Dyachishin v.
7  America's Wholesale Lenders, 2010 WL 1525703 at *2 (E.D. Cal. April
8  15, 2010) (quoting Santos v. Countrywide Home Loans, 2009 WL
9  3756337 at *4 (E.D. Cal. Nov. 6, 2009)).

10      Defendant correctly asserts that Plaintiff's complaint
11  completely fails to present facts substantiating the requisite
12  elements for a claim to quiet title.  MTD at pg. 10-11.
13  Furthermore, allowing Plaintiff leave to amend this claim would be
14  futile.  Plaintiff's attorneys have previously pled causes of
15  action to quiet title under nearly identical circumstances, using
16  the exact same language contained in Plaintiff's complaint, which
17  were all dismissed for failure to state a claim.  Compare Madrid v.
18  J.P. Morgan Chase, 2009 WL 3255880, 09-cv-00731 JAM-GGH, Docs. #1,
19  25, 30, 40, 42, 43, 51; see also Dyachishin v. America's Wholesale
20  Lenders, 2010 WL 1525703 at *2-3 (E.D. Cal. April 15, 2010).
21  Moreover, Plaintiff does not allege anywhere in his complaint that
22  he can pay the debt secured, a requirement for a mortgagor to
23  succeed on a claim to quiet title.  See Dyachishin, 2010 WL 1525703
24  at *2-3 (E.D. Cal. April 15, 2010).  Accordingly, Defendant's
25  Motion to Dismiss is granted, and Plaintiff's cause of action to
26  quiet title is dismissed with prejudice.

27      10.  California Rosenthal Act
28      Plaintiff alleges that Defendant violated the California

11

Rosenthal Act by threatening Plaintiff with foreclosure and using
other "unfair or unconscionable means in an attempt to collect
debt." Comp. at ¶¶ 78-79. Defendant correctly points out that a
residential mortgage loan is not considered a "debt," nor is
foreclosure considered "debt collection" under the Rosenthal Act.
See, e.g., Dyachishin v. America's Wholesale Lenders, 2010 WL
1525703 at *3-4 (E.D. Cal. April 15, 2010).

Plaintiff's attorneys have made identical claims in previous
cases, all of which have been dismissed because they are not
actionable under the Rosenthal Act. See, e.g., Dyachishin, 2010 WL
1525703 at *3-4 (E.D. Cal. April 15, 2010). Plaintiff's claim to
quiet title cannot be cured by amendment because it is clear that
the "debt" in this case is not within the scope of the Rosenthal
Act. Accordingly, Defendant's Motion to Dismiss is granted and
Plaintiff's claim under the Rosenthal Act is dismissed with
prejudice.

11. Civil Conspiracy

Plaintiff alleges Defendant participated in a conspiracy to
"implement a scheme to defraud and victimize Plaintiff. . . ."
Comp. at ¶¶ 81-85. Defendant properly asserts that Plaintiff
cannot maintain a cause of action for civil conspiracy, as "it is
not an independent tort." MTD at pg. 13; see also Applied
Equipment Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503, 510-11
(1994). As the California Court of Appeal stated: "By its nature,
tort liability arising from conspiracy presupposes that the
coconspirator is legally capable of committing the tort, i.e., that
he or she owes a duty to plaintiff recognized by law and is
potentially subject to liability for breach of that duty." Applied

1   Equipment Corp., 7 Cal.4th at 511.

2        Because a cause of action for "civil conspiracy" is not

3   cognizable, Defendant's Motion is to Dismiss is granted, and

4   Plaintiff's claim for civil conspiracy is dismissed with prejudice.

5              12.   Declaratory Relief

6        Plaintiff requests declaratory relief in the form of a finding

7   by this Court that "the purported power of sale contained in the

8   Deed of Trust is of no force and effect . . . [and] further [] that

9   the title to the [subject] Property be re-conveyed to Plaintiff

10  free of any lines from any Defendants."  Comp. at ¶¶ 87-91.  In the

11  Ninth Circuit, "[d]eclaratory relief is only appropriate (1) when

12  the judgment will serve a useful purpose in clarifying and settling

13  the legal relations in issue, and (2) when it will terminate and

14  afford relief from the uncertainty, insecurity, and controversy

15  giving rise to the proceeding."  Guerra v. Sutton, 783 F.2d 1371,

16  1376 (9th Cir. 1986) (citations omitted).

17       Defendant properly argues that Plaintiff's allegations are

18  insufficient to state a claim for declaratory relief.  MTD at pg.

19  14.[4]  Allowing Plaintiff leave to amend in this case would be

20  futile; Plaintiff's attorneys have previously pled causes of action

21  for declaratory relief under similar circumstances, which were all

22  dismissed for failure to state a claim.  See, e.g., Dyachishin v.

23  America's Wholesale Lenders, 2010 WL 1525703 at *5 (E.D. Cal. April

24  15, 2010).  Accordingly, Plaintiff's claim for declaratory relief

25  is dismissed, with prejudice.

26  _____

27  [4] The Court does have proper jurisdiction over Plaintiff's
    declaratory relief claim, contrary to Defendant's arguments, see
28  Guerra v. Sutton, 783 F.2d 1371, and dismisses the claim solely
    based on Defendant's argument that Plaintiff's complaint does not
    demonstrate the necessity of declaratory relief under Guerra.

1       13.   <u>Rescission / Cancellation of a Void Instrument</u>

2          Plaintiff alleges that his consent to the loan was obtained by

3   Defendant though "mistake and fraud by engaging in deceptive

4   practices. . . ." Comp. at ¶¶ 94-101.  As presented by Defendant,

5   and set forth above, Plaintiff has failed to present any facts

6   substantiating his allegations of fraud.  <u>See</u> <u>supra</u> at sections 3,

7   6, & 7.

8          Allowing Plaintiff leave to amend this claim would be futile;

9   Plaintiff's attorneys have previously plead causes of action for

10  rescission based on fraud, which were all dismissed for failure to

11  state a claim.  <u>See</u>, <u>e.g.</u>, <u>Dyachishin v. America's Wholesale</u>

12  <u>Lenders</u>, 2010 WL 1525703 at *5 (E.D. Cal. April 15, 2010).

13  Accordingly, Plaintiff's claim for "rescission/cancellation of a

14  void instrument" is dismissed with prejudice.

15      14.   <u>Accounting</u>

16         Plaintiff seeks an accounting of the amount he owes on his

17  loan, alleging Defendant improperly received loan payments.  Comp.

18  at ¶¶ 103-04.  As Defendant properly asserts in its Motion, "[a]

19  cause of action for accounting requires a showing that a

20  relationship exists between the plaintiff and defendant that

21  requires an accounting, and that some balance is due [to] plaintiff

22  that can only be ascertained by an accounting," <u>Zivanic v.</u>

23  <u>Washington Mutual Bank, F.A.</u>, 2010 WL 2354199 at *6-7 (N.D. Cal.

24  Jun. 9, 2010) (internal quotations and citations omitted).

25  Plaintiff has not presented any facts in his complaint supporting

26  his claim that he is entitled to an accounting.  MTD at pg. 14-15.

27         Plaintiff's claim for an accounting is dismissed with

28  prejudice because allowing amendment would be futile.  Plaintiff's

attorneys have previously pled causes of action for an accounting under nearly identical circumstances, using the exact same language contained in Plaintiff's complaint, which were dismissed for failure to state a claim.  <u>See</u>, <u>e.g.</u>, Zivanic, 2010 WL 2354199 at *6-7 (N.D. Cal. Jun. 9, 2010).

15.  <u>Violation of Code of Civil Procedure §§ 2934(d),(e)</u>

Plaintiff alleges that pursuant to the California Code of Civil Procedure sections 2934(d) and (e), "the Deed is void and cannot enforce the note [<u>sic</u>]."  Comp. at ¶¶ 106-08.  Defendant correctly points out that section 2934 does not exist in the California Code of Civil Procedure.  MTD at pg. 16.  Assuming Plaintiff is referring to sections 2934a(d) and (e) of the Civil Code, these sections govern the substitution of a trustee.  <u>See</u> CAL. CIV. CODE §§ 2934a(d),(e).  Plaintiff expressly alleges that Defendant is the lender and beneficiary on the Note and Deed of Trust, and it is clear that Defendant is not the trustee and these provisions are inapplicable to this case.  <u>Compare</u> Comp. at ¶ 3 <u>with</u> CAL. CIV. CODE §§ 2934a(d),(e).  Accordingly, Defendant's Motion is granted, and Plaintiff's claim under "Code of Civil Procedure §§ 2934(d), (e)" is dismissed with prejudice.

16.  <u>Civil Code § 1632</u>

Plaintiff alleges that Defendant violated the California Civil Code, section 1632, by presenting Plaintiff loan documents to sign in English, yet conducting the negotiations on the loan Spanish. Comp. at ¶¶ 110-11.  Section 1632 provides that "any person engaged in a trade or business who negotiates primarily in Spanish, [or another foreign language] . . . in the course of entering [into a contract], shall deliver to the other party to the contract . . . a

1   translation of the contract or agreement in the language in which

2   the contract or agreement was negotiated."  CAL. CIV. CODE § 1632.

3   However, the code expressly proscribes loans secured by real

4   property from its coverage.  Id.; accord Dyachishin v. America's

5   Wholesale Lenders, 2010 WL 1525703 at *3 (E.D. Cal. April 15,

6   2010).  Accordingly, Defendant's motion is granted, and Plaintiff's

7   claim for a violation of section 1632 is dismissed with prejudice.

8   Allowing Plaintiff the opportunity to amend this claim would be

9   futile, because Plaintiff is clearly not entitled to relief under

10  the plain language of the statute.

11                  17.  Injunctive Relief

12       In light of the dismissal of Plaintiff's other sixteen causes

13  of action, it is clear that Plaintiff cannot demonstrate a

14  reasonable probability of success on the merits.  See Dyachishin v.

15  America's Wholesale Lenders, 2010 WL 1525703 at *5 (E.D. Cal. April

16  15, 2010) (dismissing the plaintiff's claim for injunctive relief

17  because plaintiff failed to show a reasonable probability of

18  success on the merits); Bezverkhov v. Cal-Western Reconveyance

19  Corp., 2009 WL 4895581 at *8 (E.D. Cal. Dec. 11, 2009) (same).

20  Therefore, Defendant's Motion to Dismiss is granted, and

21  Plaintiff's claim for injunctive relief is dismissed with

22  prejudice.  Allowing Plaintiff leave to amend would be futile;

23  Plaintiff's attorneys have previously plead causes of action for

24  injunctive relief, which were all dismissed for failure to state a

25  claim.  See, e.g., Dyachishin, 2010 WL 1525703 at *5 (E.D. Cal.

26  April 15, 2010).

27                        III. ORDER

28       After carefully considering the papers submitted in this

16

matter, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED, as follows:

1.   Plaintiff's claim for breach of fiduciary duty is dismissed with prejudice;

2.   Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed with prejudice;

3.   Plaintiff's claim for deceit is dismissed with prejudice;

4.   Plaintiff's claim for violations of California Business and Professions Code section 17200 is dismissed with prejudice;

5.   Plaintiff's claim for promissory estoppel is dismissed without prejudice;

6.   Plaintiff's claim for fraud by intentional misrepresentation is dismissed with prejudice;

7.   Plaintiff's claim for fraud by concealment is dismissed with prejudice;

8.   Plaintiff's claim for unjust enrichment is dismissed with prejudice;

9.   Plaintiff's claim to quiet title is dismissed with prejudice;

10.  Plaintiff's claim under the Rosenthal Act is dismissed with prejudice;

11.  Plaintiff's claim for civil conspiracy is dismissed with prejudice;

12.  Plaintiff's claim for declaratory relief is dismissed with prejudice;

13.  Plaintiff's claim for rescission/cancellation of a void instrument is dismissed with prejudice;

14.  Plaintiff's claim for an accounting is dismissed with

1 | prejudice;

2 |      15.   Plaintiff's claim for violations of the California code

3 | of civil procedure §§ 2934(d),(e) is dismissed with prejudice;

4 |      16.   Plaintiff's claim under California Civil Code § 1632 is

5 | dismissed with prejudice; and

6 |      17.   Plaintiff's claim for injunctive relief is dismissed with

7 | prejudice;

8 |      It is further ordered that within ten (10) days of this Order

9 | Ronald Uy and Stevan Henrioulle shall either (1) pay sanctions of

10 | $500.00 to the Clerk of the Court, or (2) submit a statement of

11 | good cause explaining their failure to comply with Local Rule

12 | 230(c).

13 |      If Plaintiff wishes to file an Amended Complaint with respect

14 | to his promissory estoppel claim, it must be filed within 20 days

15 | of this Order. Otherwise, Plaintiff should file a notice of

16 | dismissal.

17 |      IT IS SO ORDERED.

18 |

19 | Dated: July 20, 2011

20 |                                    JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE